### SCHROEDER et v LEWIS et

Ohio Common Pleas, Putnam Co

Decided July 5, 1938

J. J. Labadie, Ottawa, for plaintiffs.

C. Cecil Huntsman, Leipsic, and Walter S. Jackson, Lima, for defendant, W. A. Lewis.

### OPINION

By SLAYBAUGH, J.

This cause was submitted to the court on demurrer of defendant, W. A. Lewis on oral argument.

The demurrer is founded on two reasons:

First—That the court has no jurisdiction of the subject of the action.

Second—That the petition does not state facts which show a cause of action.

In order to clarify the decision of the court, the petition is herein fully set out, to-wit:

"Plaintiffs allege in their petition, that there has arisen between them and the defendant, W. A. Lewis, a controversy and dispute over the validity, liability, force and effect of certain written instruments executed by plaintiffs to defendant, W. A. Lewis, together with a dispute as to the respective rights of the parties; and that plaintiffs file this petition for a declaratory judgment of the court and equitable relief as is provided by §§12102-1 **and** 12102-16 GC, known as the Uniform Declaratory Judgments Act, and request that their rights be determined herein.

"Plaintiffs say that on the 1st day of March 1928 they duly executed and delivered to the Bank of Leipsic Company, Leipsic, Ohio, their certain note and mortgage upon real estate owned by them in the original sum of eleven thousand dollars ($11,000.00); said real estate being situated in Van Buren Township, Putnam County, Ohio and described as being:

"The west one-half (½) of the southeast quarter (¼) of Section Number Thirty-three (33), town two (2) north, range eight (8) east, except twenty-seven (27) acres off of the east side thereof leaving fifty-three (53) acres more or less;

"Also nine (9) acres off of the east side of the west one-half (½) of the east one-half (½) of the southeast quarter (¼) of Section Thirty-three (33) town two (2) north, range eight (8) east;

"Also twenty-seven (27) acres off of the east side of the west one-half (½) of the southeast quarter (¼) of Section thirty-three (33) town two (2) north, range eight (8) east, the total amount of land hereinabove conveyed being eighty-nine (39) acres more or less.

"Also the following parcel of land, to-wit: the west one-half (½) of the northwest quarter (¼) of Section Thirty-four, (34) town two (2) north, range eight (8) east, excepting two (2) acres of land out of the northeast quarter (¼) thereof, heretofore deeded to Rachel Thierwechter leaving and containing seventy-eight (78) acres of land. The grand total of land herein conveyed being one hundred and sixty-seven (167) acres more or less.

"Plaintiffs further say that on March 1, 1928 without recourse, all rights, title and interest in and to said note and mortgage was assigned by the Bank of Leipsic Company to the defendant, W. A. Lewis, said assignment being recorded June 22, 1932.

"Plaintiffs further say that at and prior to the 5th day of April, 1934, said note and mortgage above described were still unpaid, and that on or about said 5th day of April, 1934, these plaintiffs made application to the Federal Land Bank of Louisville, Ky., for a mortgage loan on their real estate above described, the primary purpose of which was to pay and retire the outstanding mortgage above described to the defendant, W. A. Lewis; and that subsequent to the filing of said application for such loan, the Federal Land Bank of Louisville, Ky. caused an examination and appraisement to be made of said farm of plaintiffs for the purpose of passing on the merits of said application and to determine the advisability of making the required loan; and that after such examination and appraisement the Federal Land Bank of Louisville, Ky. repored to these plaintiffs that under the application, sufficient money could not be granted or loaned to these plaintiffs to enable them to entirely retire and pay the balance due and owing defendant, W. A. Lewis, under the above assigned and described note and mortgage.

"Plaintiffs further say that following such report, negotiations were entered into by and between these plaintiffs, the defendant,

W. A. Lewis, and the Federal Land Bank of Louisville, Ky. for the purpose of arriving at some agreement to enable the Federal Land Bank of Louisville, Ky. to grant and allow the loan required by plaintiffs under their application; and that as a result of such negotiations and upon request made by the Federal Land Bank of Louisville, Ky. and the Land Bank Commissioner to the defendant, W. A. Lewis, the said defendant, W. A. Lewis, on the 5th day of April, 1934 executed and signed a creditor's statement of indebtedness to the Federal Land Bank of Louisville, Ky. in which statement the defendant, W. A. Lewis, expressly stated and represented that the plaintiff, Leo C. Schroeder, was indebted to him, W. A. Lewis, upon a real estate and chattel note mortgage in the sum of eleven thousand and eighty-five dollars ($11,-085.00) and approximately three hundred and thirty-six dollars ($336.00) of unpaid interest.

"Plaintiffs further state and represent to the court that in said creditor's statement and agreement executed by the said defendant, W. A. Lewis, on the said 5th day of April, 1934, to the Federal Land Bank of Louisville, Ky., he, the said defendant, W. A. Lewis, represented, promised and expressly agreed with the said The Federal Land Bank of Louisville, Ky. and in behalf of these plaintiffs, Leo C. Schroeder and Gertrude Schroeder, that upon payment to him, the said W. A. Lewis, by the Federal Land Bank of Louisville, Ky. and the Land Bank Commissioner of the sum of ninety-five hundred and ninety dollars and thirty cents ($9590.30) with interest at 6% from date on or before the 15th day of April, 1934, he would accept said payment in full satisfaction of his claims against the said plaintiffs and he the said W. A. Lewis, defendant, further promised and agreed in such statement and agreement with the Federal Land Bank of Louisville, Ky. and the Land Bank Commissioner and in behalf of these plaintiffs, that upon receiving such payment he would neither directly nor indirectly take or receive any note, mortgage or other consideration from these plaintiffs incident to such acceptance, other than the consideration to be received from the Federal Land Bank of Louisville, Ky., and/or the Land Bank Commissioner, and further expressly agreed that when said consideration was paid, all claims which he the said W. A. Lewis might have against the said plaintiffs, would be paid and satisfied in full, and the notes and mortgages evidenc-

ing such indebtedness would be properly cancelled and released and delivered to the Federal Land Bank of Louisville, Ky. and/or the Land Bank Commissioners.

"Plaintiffs further say that relying upon said statements of defendant, W. A. Lewis, in his creditor's statement and agreement made to the Federal Land Bank of Louisville, Ky. and/or to the Land Bank Commissioner of Louisville, Ky. in which said defendant, W. A. Lewis, agreed to accept the sum of ninety-five hundred and ninety dollars and thirty cents ($9590.30) as payment in full satisfaction of his claim against these plaintiffs, these plaintiffs thereupon duly executed and delivered to the Federal Land Bank of Louisville, Ky. their certain promissory note and real estate mortgage on their real estate above described, in the sum of fifty-nine hundred dollars ($5900.00) with 5% interest, and also thereupon executed to the Land Bank Commissioner of Louisville, Ky. their certain promissory note and second mortgage upon the same real estate in the sum of forty-one hundred dollars ($4100.00) at 5% interest, that said first mortgage to the Federal Land Bank of Louisville, Ky. is recorded in Volume 110 at page 3 of the Mortgage records of Putnam County, Ohio and that said second mortgage to the Land Bank Commissioner of Louisville, Ky. is recorded in Volume 110 at page 159 of the Mortgage Records of Putnam County, Ohio both being recorded April 9, 1934 and that said notes and mortgages are still in full force and effect.

"Plaintiffs further say that contrary to such creditor's statement and agreement and the terms thereof executed by the said defendant, W. A. Lewis, to the Federal Land Bank of Louisville, Ky., and to the Land Bank Commissioner, he the said W. A. Lewis requested and caused these plaintiffs to execute and deliver to him and he the said W. A. Lewis, took, received and accepted from these plaintiffs additional evidence of indebtedness and security in the form of two notes and a mortgage upon plaintiffs' real estate for the difference in money between that received by him from the Federal Land Bank of Louisville, Ky. and the Land Bank Commissioner and the full amount due and owing said defendant, W. A. Lewis, upon the original assigned note and mortgage of these plaintiffs to the Bank of Leipsic Company and caused these plaintiffs to sign, execute and deliver to him the said W. A. Lewis, their certain promissory notes and mortgage on the real estate owned

by them all of which was done and performed after payment to and acceptance by the said W. A. Lewis, defendant of the sum of ninety-five hundred and ninety dollars and thirty cents ($9590.30) from the Federal Land Bank of Louisville, Ky., and the Land Bank Commissioner of Louisville, Ky.

"Plaintiffs further say that the two notes executed by them secured by mortgage on their real estate and delivered to the defendant, W. A. Lewis were executed on the 12th day of April, 1934, and that said notes call for payments of the sum of fifteen hundred and sixty-three dollars and thirty-four cents ($1563.34) payable as follows: two hundred dollars ($200.00) and 5% interest to be paid April 12, 1935 total payment to be ($278.17) two hundred seventy-eight dollars and seventeen cents; five hundred eighty-one dollars and sixty-seven cents ($581.67) payable on the remaining principal and interest at 6% on thirteen hundred and sixty-three dollars and thirty-four cents ($1363.34) to be paid April 12, 1936 total payment to be six hundred sixty-three dollars and forty-seven cents ($663.47); and payment of seven hundred eighty-one dollars and sixty-seven cents ($781.67) on the remaining principal and interest at 6% on said remaining principal to be paid April 12, 1937 total payment to be eight hundred and twenty-eight dollars and fifty-seven cents ($828.57) and that said mortgage was thereafter recorded by the said defendant, W. A. Lewis, April 19, 1934 in Volume 106 at page 1 of the Mortgage Records of Putnam County, Ohio and that said notes and mortgage are still in possession of the defendant, W. A. Lewis.

"Plaintiffs state to the court that by virtue of the violation of the agreements and statements made by the defendant, W. A. Lewis, in the creditor's statement and agreement executed by him to the Federal Land Bank of Louisville, Ky. and to the Land Bank Commissioner, and in behalf of these plaintiffs, these plaintiffs are not legally obligated to said defendant in any manner whatsoever as he received and accepted payment of the sum agreed upon from the Federal Land Bank of Louisville, Ky., and the Land Bank Commissioner as full payment and satisfaction of the indebtedness of these plaintiffs to him at the time of the execution of said agreement.

"Plaintiffs further say that the notes and mortgage executed by them to the defendant, W. A. Lewis, were given without any consideration whatsoever, being receiv-

ed by them, that said notes and mortgages are unpaid, that since the execution of said notes and mortgage no payments of any kind either principal or interest have been made thereon, and that said mortgage to said defendant, W. A. Lewis, appears on the mortgage records of Putnam County, Ohio as a valid and existing mortgage lien against the real estate of these plaintiffs and that unless said notes and mortgage are cancelled and ordered released, collection and enforcement of same against these plaintiffs will be made by the defendant, W. A. Lewis."

WHEREFORE plaintiffs pray the court for a declaratory judgment herein relative to the notes and mortgage held by the defendant, W. A. Lewis, to the effect that such notes and mortgage be cancelled, released and satisfied in full, and the mortgage ordered released from the mortgage records of Putnam County, Ohio, and held for naught, and that these plaintiffs be expressly released from any and all liability thereon as may appear from the terms and conditions of said notes and mortgage held by said defendant, W. A. Lewis, for the costs herein expended and for such other relief as may be proper in the premises.

The petition asks for a declaratory judgment and the questions for the court at this time are,—Has the court jurisdiction of the subject of the action; and, Does the petition state sufficient facts to show a cause of action?

The requisites of a valid declaratory judgment are, that the "case" must place in issue the plaintiffs' rights, that the defendant must be an "adversary party", that their controversy must be "real and substantial" and that the court's judgment will conclusively determine the issue raised.

The petition of plaintiff in this case in opinion of the court meets all of the requirements under the above rule.

Plaintiff's petition contains allegations showing that the plaintiffs (debtors) are subject to an actual or potential demand of the creditor, (defendant), W. A. Lewis, which plaintiffs believe unwarranted and wishes and needs to relieve their anxiety and uncertainty by securing a definition of their obligations to the creditor, defendant, W. A. Lewis.

Thus, by this petition you have doubtful legal relations posted and by permitting the debtors, plaintiffs herein, to institute this action, seeking a conclusive definition of the terms or conditions of the debt, the

purpose of the Uniform Declaratory Judgment's Act is fulfilled and brought in action.

While in fact the plaintiffs may by filing their petition in this case be thus anticipating a defense to an enforcement of the mortgage by defendant, it is exceedingly important to clarify the debtor-creditor relation before the debt if any becomes due or before the creditor, W. A. Lewis may see fit to institute an action.

Plaintiffs seek by this action to place in issue the validity of their own past act, and they seek to show that they are entitled to present relief, because the original act which bound them was void or voidable.

The right to do this comes within the provisions of the Declaratory Judgment Act.

Hence the court in the instant case is convinced that the petition states a cause of action, and the demurrer of defendant W. A. Lewis is overruled.